UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | DOCKET NO. 2:23-cr-107-NT |
| | ) | |
| TIMOTHY DOYON | ) | |

**DEFENSE SENTENCING MEMORANDUM**

Timothy Doyon is age 29. He waived indictment and has pled to an information, admitting his conduct, stipulating to restitution and recognizing his problem. The statute requires a twenty five year minimum mandatory period of incarceration. The advisory guideline range is measurably longer. We suggest a sentence of twenty five years (three hundred months) is sufficient incarceration based on the facts and circumstances of this case, the statutory sentencing factors, similar cases in the District and Tim's protracted mental health struggles. Any period of incarceration will be followed by a lengthy period of supervision. We suggest fifteen years.

**Seriousness of the Offense**

The offense is serious. It victimized children. A sentence of 25 years (300 months) followed by 15 years of supervision recognizes the seriousness of the conduct. Restitution is stipulated as $103,500. ECF #56. Tim will have to register as a sex offender for the balance of his life.

**Timothy Doyon**

Timothy faces a long sentence in federal prison. He accepts the wrongfulness of his conduct and the harm he caused. His remorse is deep and genuine. He has stipulated to restitution of $103,500.

1

Tim has struggled with mental health issues since his teenage years. His diagnosis includes depression, anxiety, agoraphobia and PTSD. PSR ¶ 52. He was bullied by classmates through middle school. Id. In seventh grade he was attacked by a group of boys. Id. He never knew why but attributed most of the bullying to being overweight. He was on steroids for asthma and these contributed to his weight. The attack furthered his isolation and he felt safe only when at home. He left school at that point - eighth grade, as a result of the bullying and being assaulted and threatened. PSR¶ 56. He home schooled with his mother for a few years. His agoraphobia worsened and he attempted suicide multiple times between age 16 and 17. PSR ¶ 53. He attempted another suicide at age 20 by ingesting a massive number of his mental health pills. Id. He was in the hospital in a coma for five days. Id. A few weeks after being released he repeated the same conduct resulting in another hospitalization at Acadia Hospital. Id. During this same time period - age 20 to 22, Tim had a serious drinking problem. PSR ¶ 55. He stopped drinking around age 22 and agrees he needs to maintain sobriety.

Tim has limited employment experience. He has performed some light carpentry and commercial cleaning. His last job was delivering the morning newspaper for about two years ending with the current arrest. PSR ¶ 57. While at the Strafford County jail Tim has earned his HiSET GED. Defense Exhibit 1, item 9. This was a difficult task and has been a focus of his time in jail. Tim takes pride in finally having earned his GED. Tim has taken many other on-line classes while awaiting sentencing. These total 44 certificates for courses completed. Defense Exhibit 1, items 7, 8. Tim's focus on improving his education is a hopeful sign of his increased maturity and better future conduct.

Tim successfully completed probation for his state sentence but when probation ended, so did his counseling. In the summer of 2023, before his arrest in this case, Tim went to sex offender treatment with Cheryl Krawietz. The offense conduct had already occurred

but Tim had not yet been charged federally. To his credit, he went on his own to treatment and admitted to his problem. "In the short time we worked together, he acknowledged his offense and sought to work on all issues that contributed to recidivism." Letter of Cheryl Krawietz, Defense Exhibit 1. It is rare for a sex offender to voluntarily seek out treatment before being charged. Tim's post-offense initiative - seeking counseling and earning his GED, suggest he is committed to self improvement and change. Counselor Krawietz adds, "He has a grasp of empathy and discussed ways he can manage risk. I believe that he can be a safe and productive member of society if he continues his treatment and maintains the same attitude, perseverance, and earnestness he has shown me in our short time together." Id.

Tim has been lonely and isolated for a long time. Although close with his parents, he has limited friends. His mother describes him eating meals alone in his room, even on holidays. Defense Exhibit 1, letter of Marvetia Cunningham. His mother details the efforts she and his father made helping Tim. Tim was polite and helpful but became ever more isolated and reclusive. This continued through his multiple suicide attempts. His mother provides the court with insight into Tim's long personal struggle and the family's efforts to assist him. Id. His friend Robbie writes the court explaining the length and depth of their friendship. How Tim treated Robbie nicely when others did not. Defense Exhibit 1.

Those who know Tim, his parents, counselor and friend, all say that inside Tim is a nice, caring and helpful person who with treatment and support can overcome the problems underlying the current conviction.

**Comparison with Other Cases and Disparity**

The First Circuit reiterates, "[t]here is no single reasonable sentence in any particular case but, rather, a universe of reasonable outcomes," *United States v. Walker*, 665 F.3d 212,

234 (1st Cir.2011), and "[w]e generally respect the district court's sentence as long as the court has provided a plausible explanation, and the overall result is defensible," *United States v. Innarelli*, 524 F.3d 286, 292 (1st Cir.2008); *U.S. v. Prosperi*, 686 F.3d 32, 43 (1st Cir. 2012)(J. Lopez). An appropriate sentence may be lengthy, yet still below the advisory range. This is such a case. Congress provides a sentencing baseline by requiring a 25-year minimum mandatory sentence. Tim accepts that his conduct in this case merits twenty five years. However a longer sentence is not needed. A summary of cases in the District demonstrates a sentence of 300 months is consistent with similar sentences in exploitation cases, almost all of which also included child pornography counts.

**Sentences of 300 months (25 years)**

**Joseph Zoll**, 2:22-cr-146-NT. Mr. Zoll, age 63, engaged in sexual abuse of multiple minors via an internet connection to the Philippines. He recorded and shared some of these videos. He possessed thousands of images. The conduct continued over the course of multiple years. The court imposed a sentence of 300 months followed by 10 years of supervision.

**David Muise,** 13-cr-12-NT. Mr. Muse, age 26, engaged in sexual abuse of the young victim in front of a web camera via Skype. Others were watching and recording the abuse in a live broadcast. Recovered images showed him vaginally penetrating the child as well as having the child engage in oral sex with him. He had hundreds of additional child pornography images. Musie was a military veteran suffering from PTSD. Judge Torresen imposed a sentence of 300 months followed by 20 years of supervised release.

**David Donahue**, 2:19-cr-24-JDL, age 48, had intercourse and oral sex with a young victim, taking photographs of his naked victim's genitals and of him sexually abusing her.

He had a Dropbox account with over 1,000 other child pornography images. He had a prior state sexual abuse conviction. He was sentenced to 300 months.

**Denver Carolissen,** 2:14-cr-127-NT, age 42, engaged in sexual conduct with a minor victims ranging from age 8 to 12 years old while filming and sharing the images over the internet. He created and shared many videos including images of him engaged in sex with the child victims. This occurred after he had served a prison sentence for possession of child pornography. Judge Torresen sentenced him to 240 months on the Exploitation and 60 months on Transportation of child pornography for a total sentence of 300 months .

**Christopher Veazie**, 2:11-cr-202-GZS. Mr. Veazie possessed over 2000 images and 400 videos of child pornography. He had photos of him sexually abusing an sodomizing a young boy. Judge Single sentenced him to **300 months**.

**Sentences below 300 months**

**Benjamin Conroy,** 2:21-cr-189-NT, age 33, was recently sentenced by this court to 264 months (22 years). Conroy filmed video of himself with a special needs student in a classroom and shared the image over social media.

**Wayne Niski**, 2:15-cr-115-JDL. Niski, age 28, pled to exploitation and was sentenced to 198 months (16.5 years) and 10 years of supervised release. The offense conduct included him taking photographs of the young victim showing sexual conduct. He was a criminal history V. He had well over 700 child pornography images and videos and was engaged in on-line trading images with others.

**Nicholas Cheese**, 13-cr-155-JAW. The defendant established an on-line relationship with the victim. He traveled from abroad to Maine and met the 13 year old victim at least

three times in hotel rooms. On each occasion he had her engage in sex acts and recorded the conduct. Although the victim was over age 12 (she was 13), the conduct was actual sex and photographed. Judge Woodcock imposed a sentence of 204 months.

**Frederick Butler,** 13-cr-187-NT age 44, was convicted of two counts of gross sexual assault on minors in 1995. In 2001, he was convicted in Maine Federal Court of receiving child pornography. Two months after completing supervised release he *again* engaged in possessing and distributing child pornography. The content of the e-mails sent by Mr. Butler demonstrated predatory intentions and a continuing desire to engage in sex with young boys. Id., pp. 4-6. Judge Torresen entered a sentence of 20 years (240 months).

**Financial and Restitution Issues**

Tim is indigent and has no funds to pay a fine or other increased assessments beyond the mandatory $100 per count assessment. PSR ¶ 58. Tim has agreed to restitution totaling $103,500 for the twenty five victims who have made requests. The amounts per victim range from $3,000 to $10,000 based primarily on the number of images he possessed as to each victim. We ask that interest be waived as he is incarcerated and the payments toward the total will be modest but also a serious and additional punitive hardship on Tim while in prison.

**Conclusion**

Timothy Doyon comes before the court having admitted to his misconduct. He has pled guilty and accepts responsibility for what he has done. He has asked for counseling and help to address his problem. He knows he is going to federal prison for a very long time. He has accepted a huge restitution obligation. He is at physical risk in prison, due to the nature of his offense, and his passive nature. He comes form a background of being bullied and federal prison may be more of that.

A sentence of twenty five years is a very long sentence. It sufficiently punishes him for the crimes, it deters, it "sends a message" and it protects society. It is consistent with sentences in other cases. All of the §3553(a) factors are met by a 25 year sentence. The $103,500 restitution order will make the time in prison that much harder as Tim will have to pay a significant portion of whatever meager prison earning he has to the victims. Following imprisonment, Tim will be on supervised release with the conditions recommended in the PSR for an additional lengthy period. He will have to register as a sex offender. We ask the court to recommend he be housed at the FMC Devens to address his mental health needs, provide needed sex offender treatment, and so he can be within driving distance of his parents.

DATE: September 24, 2024 /s/ *David Beneman*
David Beneman
Attorney for Timothy Doyon

David Beneman
Federal Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070 ext. 6921
David_Beneman@fd.org

**CERTIFICATE OF SERVICE**

I, **David Beneman**, attorney for **Timothy Doyon**, hereby certify that I have served, electronically, a copy of the **within "DEFENSE SENTENCING MEMORANDUM"** upon **Lindsay Feinberg**, Assistant United States Attorney, United States Attorney's Office, Portland, ME and all counsel of record via the ECF system.

/s/ *David Beneman*
David Beneman

DATE: September 24, 2024